**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 95-40146
Summary Calendar
_____

HORACE NORMAN, ET AL.,

Plaintiffs-Appellants,

VERSUS

APACHE CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(CA-G-91-378)
_____

(July 20, 1995)

Before GARWOOD, JOLLY and DUHÉ, Circuit Judges.

PER CURIAM:[1]

The owners of working interests in mineral leases brought an action against Apache Corporation, the unit operator, alleging breach of contract, fraud, and breach of fiduciary duty. The Defendant operator had halted production of the unit well in mid-July 1990, causing the leases maintained by unit production to terminate. In earlier proceedings, this Court affirmed dismissal of the fraud and fiduciary duty claims and reversed the district court's grant of summary judgment on the breach of contract claim.

---

[1] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

Norman v. Apache Corp., 19 F.3d 1017 (5th Cir. 1990).  This Court found genuine issues of material fact exist regarding whether Apache misrepresented to the owners that it was continuing to produce the well from July through November 1990, and whether Apache breached its duty to act as a prudent operator by failing to take reasonable steps to prevent the loss of the leases.  Id. at 1031.  On remand the district court again granted summary judgment to Defendants.  We reverse.

The district court found the remanded issues moot, holding as a matter of law that Plaintiffs had been made whole and could not maintain their cause of action for damages:

> Even if every allegation against the Defendant is true, such acts were cured when the Defendant reacquired and assigned the leases to the Plaintiffs.  At that time, the status quo was duly restored by re-establishing the Plaintiffs' opportunity to drill.
>
> Once Defendants reacquired and assigned the leases to the Plaintiffs, the Plaintiffs were made whole and cannot, as a matter of law, maintain a cause of action against the Defendant for consequential damages relating to lost leases since the leases were no longer "lost."

1 R. 707.  The record precludes the summary judgment finding that Plaintiffs "were made whole" upon Defendant's reacquisition and assignment of leases to Plaintiffs.  The record reflects that the new leases differ in material respects from the lost leases.  See, e.g., Sbarbaro dep. at 30 (noting that some interests included in the lost leases remained unleased under the new leases); aff. of Jack Finkelstein at 4 (noting higher royalty burden and lack of warranty of title on the new leases as contrasted with the lost leases).  Such evidence precludes the summary judgment findings

that Plaintiffs were made whole and that "the status quo was duly restored."  Finding the summary judgment evidence bearing on these material facts disputed, we reverse the summary judgment and remand.

We decline Appellants' invitation to address the issue of the proper measure of damages, a question to be addressed, if appropriate, in the first instance by the district court.

REVERSED and REMANDED.